Gabrielli, J.
(dissenting in part). I dissent from the opinion of the majority insofar as it would uphold defendant’s conviction under the first count of the indictment, which charged that defendant “swore falsely that he never discharged a firearm at any of the pigeons or birds at the zoo”. It appears clear that a firearm is commonly understood to be a “weapon from which a shot is discharged by gunpowder”. Indeed, as the majority notes, this is the definition contained in Webster’s dictionary (Webster’s Third New International Dictionary, at p 854). A pellet gun, in contrast to a firearm, discharges a projectile by force of air rather than by gunpowder. Thus, since the People had proved only that defendant had fired a pellet gun at the pigeons, his denial of having discharged a firearm at these birds was factually, literally and legally truthful. Significantly, it is not and cannot be disputed that defendant was a gun fancier and an expert on the use of guns, which lends further support to the fact that he believed he was answering truthfully when he denied having discharged a “firearm” at pigeons.
Although it is clear that common words may have several meanings, and that the truthfulness of a statement must often be judged in the context in which it is given, the defendant’s response covered in the first count of the indictment was factually and literally true, and may not form the basis for a conviction for perjury. Before calling the defendant to testify at the 1976 hearing, the investigator secured sworn statements from defendant’s subordinates at the zoo that defendant had discharged a pellet gun at *669 pigeons. However, when questioning the defendant, the investigator did not ask the defendant if he had discharged a pellet gun at pigeons, but instead asked him if he had discharged a firearm. In light of this background, when the defendant gave a literally truthful answer to the question, certainly the investigator could have pursued and indeed was obliged to pursue the inquiry further. A conviction for perjury cannot be based upon answers which are literally truthful and upon speculation concerning the defendant’s state of mind in view of the over-all context of a conversation in which other imprecise inquiries were made. The grave nature of a conviction for perjury demands nothing less than that the inquiry has been honed to ensure that the person questioned understands what he has been asked and to remove any reasonable doubt that his response is truthful.
Judges Jasen, Jones and Fuchsberg concur with Judge Meyer; Judge Gabrielli dissents in part and votes to modify in a separate opinion in which Chief Judge Cooke and Judge Wachtler concur.
Order affirmed.